IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

ELGIN HILLIARD, SR.

      Plaintiff,

v.                                             CASE NO. 1:18-cv-24594-CMA

HIALEAH HOUSING AUTHORITY,
and RENE GUTIERREZ, in his official and
individual capacities.

      Defendants.
_____

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO PERFECT
SERVICE AND MOTION FOR ORDER DIRECTING DEFENDANT
HIALEAH HOUSING AUTHORITY TO PROVIDE INFORMATION AS
TO DEFENDANT RENE GUTIERREZ**

Plaintiff, by and through his undersigned counsel, hereby moves this Honorable Court to grant Plaintiff's Motion for Extension of Time to Perfect Service on Defendant Rene Gutierrez and Motion for Order Directing Defendant Hialeah Housing Authority to Provide Information as to Defendant Rene Gutierrez.

<u>PROCEDURAL AND FACTUAL BACKGROUND</u>

Plaintiff's original complaint was filed on November 1, 2018, alleging in pertinent part that Defendants violated Plaintiff's Constitutional rights under 42 U.S.C. Section 1983. The Court issued an order for Plaintiff to effectuate service on all Defendants no later than January 30, 2019.

At the time of the filing of the original complaint, based on the evidence available to him at the time, including, but not limited to, the police report identifying Rene Gutierrez as a law enforcement officer in the employment of the City of Hialeah, Plaintiff had a good faith belief that Defendant Gutierrez was a Hialeah Police officer. As such, Plaintiff attempted service of Defendant Gutierrez at the Hialeah Police Department; however, the Hialeah Police Department refused service and refused to advise whether Defendant Gutierrez was even employed there. See **Exhibit A.** Plaintiff then attempted to locate a home address for Defendant Gutierrez and attempted service at two addresses that were the potential residence of Defendant Gutierrez without luck. **Id**.

Accordingly, on January 31, 2019, Plaintiff filed a Motion for Extension of Time to Perfect Service and Motion for Substituted Service on Defendant Rene Gutierrez. (Dkt. 23). The Court denied Plaintiff's Motion with respect to Rene Gutierrez and dismissed him from the case without prejudice. (Dkt. 29).

On February 26, 2019, counsel for the City of Hialeah filed its first appearance in the case in the form of a Motion to Dismiss. (Dkt. 33). The same day, the Hialeah Housing Authority filed its first appearance and an Answer and Affirmative Defenses.  (Dkts. 35 & 36).  On March 14, 2019, Plaintiff filed his first amended complaint, re-adding Defendant Gutierrez in as a defendant, so as to attempt service on him again. (Dkt. 49). However, the Court struck Defendant

Gutierrez from the First Amended Complaint based its prior dismissal of him. (Dkt. 51).  Defendants City of Hialeah and Hialeah Housing Authority filed their responses to the First Amended Complaint on April 8 and April 9, 2019 (Dkts. 56, 57, and 58).

Soon thereafter, Plaintiff found what he believed was a potential address at which to serve Defendant Gutierrez and therefore filed a motion for leave to amend his complaint again in order to add Defendant Gutierrez as a Defendant. (Dkt. 61). Further investigation into that address revealed that it was the address of what is now believed to be his employer, the Hialeah Housing Authority. At the hearing for Plaintiff's Motion to Amend, counsel for the City stated on the record that Defendant Gutierrez was not an employee of the City, but rather an employee of the Hialeah Housing Authority. Counsel for the Hialeah Housing Authority did not confirm or deny this but did state on the record that he would be making an appearance for Defendant Gutierrez, should he be served. Accordingly, the Court granted Plaintiff's Motion for Leave to Amend and gave him until April 22, 2019 to serve Defendant Gutierrez and April 23, 2019 to serve the return of service. (Dkt. 66).

Unfortunately, to date, Defendant Gutierrez has not been able to be served with the Second Amended Complaint as of this date. See **Exhibit B**. Two attempts were made to serve him at the Hialeah Housing Authority (it would have been

three but they were closed for Good Friday) and each time, Plaintiff's process server was told he was not in and nobody knew when he would return. **Id.**

Plaintiff's counsel has asked counsel for the Hialeah Housing Authority if he would accept service on behalf of Defendant Gutierrez, and he advised that he did not have the authority to do so.

WHEREFORE, for the reasons stated below, Plaintiff respectfully requests this Court enter an order that Defendant Hialeah Housing Authority provide Defendant Gutierrez's (i) residence address, (ii) mailing address, (iii) date of birth, and (iv) social security number for the purposes of service and extending the time to perfect service on Defendant Rene Gutierrez for a period of ten (10) days after said information has been provided to Plaintiff.

## **MEMORANDUM OF LAW**

The above captioned cause of action is one wherein Plaintiff alleges Defendants violated his Constitutional rights. All Defendants have been served except for Defendant Rene Gutierrez. Defendant Gutierrez is an integral party to this case. While Plaintiff could conceivably file another, separate case against Rene Gutierrez, judicial economy would be to have him be a party to this case.

Federal Rule of Civil Procedure 4(m) states, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that

defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

According to the police report regarding the incident pertaining to this action, Defendant Rene Gutierrez is, or was, a Florida law enforcement officer. See **Exhibit C**. As this Court is aware, law enforcement officers, for good reason, do not publish or otherwise make known their home addresses so if they cannot be served at work, personal service cannot be accomplished. Plaintiff's process server attempted to serve the original complaint on Defendant Gutierrez at the Hialeah Police Department, who would neither accept service nor advise the process server of whether he remained employed by the Department. See **Exhibit A**.

Prior to the filing of the Second Amended Complaint, Plaintiff determined Defendant Gutierrez is a Florida law enforcement officer in the employ of the Hialeah Housing Authority; therefore, service was attempted on him at the Hialeah Housing Authority offices. See **Exhibit B**. However, each time the process server was told Defendant Gutierrez was not in and it was unknown when he would be in. **Id.**

As can be gleaned from the attached affidavits, Defendant Gutierrez has not been served because he was not able to be served at either the Hialeah Police Department or the Hialeah Housing Authority and neither would provide

information as to his availability for service. Service of the original complaint was attempted at the Hialeah Police Department on January 22, 2019. Two possible addresses were found for Mr. Gutierrez and service was attempted on January 24, 2019 and January 28, 2019; however, no one was found at home at either address. Service of the Second Amended Complaint was attempted at the Hialeah Housing Authority on April 18 and April 22, 2019.

Personal delivery of summons within the jurisdiction is a classic means of giving notice, while other means, such as service under long-arm statutes or constructive and substituted service are permissible so long as the particular form of service used is reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard. *Mullane v. Central Hanover Bank & Trust Co.* 339 U.S. 306, 94 L.Ed. 865, 70 S.Ct. 652 (1950), *Jacobs v. Roberts,* 223 US 261, 56 L.Ed 429, 32 S.Ct. 303 (1912); *Milliken v. Meyer,* 311 U.S. 457, 85 L.Ed 278, 61 S.Ct. 339 (1940).

In *Allen v. City of Miami*, the plaintiff faced a similar dilemma regarding personal service on a police officer. *Allen v. City of Miami,* 2003 U.S. Dist. LEXIS 21778 (United States District Court, S.D. Fla., November 14, 2003). This Court acknowledged that while the City was prohibited by the Public Records Act, Section 119.07 of the Florida Statutes from disclosing personal information regarding the officer without a court order, "[i]nformation that is exempt from

disclosure under Section 119.07 . . . may be discovered upon a showing of 'exceptional necessity' or 'extraordinary circumstances.'" *Id* at *8-9. (citing *Henderson v. Perez*, 835 So.2d 390, 392 (Fla. 2d DCA 2003). The Court found the plaintiff had made a showing of exceptional necessity or extraordinary circumstances as his private investigator was unable to determine the home residence of the officer and therefore could not complete service of process. *Id* at *10. The Court ordered the City to disclose the following information in its possession concerning the defendant officer's (i) residence address, (ii) mailing address, (iii) date of birth, and (iv) social security number. *Id.*

Plaintiff herein has done everything in his power to obtain service on Rene Gutierrez. Two separate process servers/private investigators have been unable to obtain service or to determine the home residence of Defendant Gutierrez. The attorney who admitted on the record he will represent Defendant Gutierrez in this action, and therefore has clearly spoken with Defendant Gutierrez regarding this matter, has not been given authority to accept service on his behalf.

Rene Gutierrez is the central figure to most of the facts and issues in this case. As such, even if he is not a party to the action, presuming he is still employed by Defendant Hialeah Housing Authority, they will have to eventually produce him for deposition, and possibly trial. Accordingly, justice and judicial economy dictates that Defendant Hialeah Housing Authority be ordered to provide

Defendant Gutierrez's (i) residence address, (ii) mailing address, (iii) date of birth, and (iv) social security number. Should the Court issue such an order, Plaintiff would agree to any order to the effect that information gathered for purposes of service of process not be put on any record or otherwise made public in any way.

Finally, there is no prejudice to the Defendants for an extension of time to effectuate service on Rene Gutierrez. Counsel for the Hialeah Housing Authority has already stated on the record he will be representing Defendant Gutierrez and is therefore already up to speed on the pleadings and issues in this case. Plaintiff is also sensitive to the Court's understandable desire to move this case forward without further delay and is also anxious to do the same. Therefore, Plaintiff is not requesting an extension of any other deadlines in this matter at this time as he believes the case can move forward as scheduled given the statements of counsel for Hialeah Housing Authority that he will be counsel for Defendant Gutierrez.

WHEREFORE, Plaintiff respectfully requests this Court enter an order that Defendant Hialeah Housing Authority provide Defendant Gutierrez's (i) residence address, (ii) mailing address, (iii) date of birth, and (iv) social security number for the purposes of service and extending the time to perfect service on Defendant Rene Gutierrez for a period of ten (10) days after said information has been provided to Plaintiff.

## <u>CERTIFICATE OF GOOD FAITH CONFERENCE</u>

The undersigned certifies she attempted to confer with counsel for Defendant Hialeah Housing Authority on April 22, and April 23, 2019, regarding the relief requested in this motion but was unable to do so as he was not in the office either day. The undersigned will continue to attempt to confer with defense counsel and advise Court should she be able to do same.

Dated: April 23, 2019

Respectfully submitted,

*April S. Goodwin*
APRIL S. GOODWIN, ESQ.
The Goodwin Firm
801 West Bay Dr. Suite 705
Largo, FL 33770
(727) 316-5333
april@goodwin-firm.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ *April S. Goodwin*
APRIL S. GOODWIN, ESQ.
FLORIDA BAR NO: 0502537