**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.: 18-cv-24594- CIV-ALTONAGA/Goodman

ELGIN HILLIARD, SR.,

    Plaintiff,

v.

CITY OF HIALEAH, *et al*.,

    Defendants.

_____/

## DEFENDANT, HIALEAH HOUSING AUTHORITY'S, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant, HIALEAH HOUSING AUTHORITY ("HHA"), by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to the Second Amended Complaint filed by Plaintiff, ELGIN HILLIARD, SR. ("Plaintiff"), and states as follows:

### JURISDICTION AND VENUE

1. Admitted that Plaintiff purports to bring this action pursuant to the federal and state laws stated. However, HHA denies any and all liability, that Plaintiff's claims have any merit, or that Plaintiff is entitled to any relief whatsoever in this matter.

2. Admitted for jurisdictional purposes, However, HHA denies any and all liability, that Plaintiff's claims have any merit, or that Plaintiff is entitled to any relief whatsoever in this matter.

3. Admitted that venue is proper. However, HHA denies any and all liability, that Plaintiff's claims have any merit, or that Plaintiff is entitled to any relief whatsoever in this matter.

4. Denied and demands strict proof thereof.

5. HHA is without knowledge or information sufficient to respond to the allegations contained in

1

this paragraph, and therefore denies same and demands strict proof thereof.

## PARTIES

6. HHA is without knowledge or information sufficient to respond to the allegations contained in this paragraph and therefore denies same and demands strict proof thereof.

7. Admitted.

8. Admitted that Rene Gutierrez was a duly appointed law enforcement officer and was employed by HHA at all times relevant to this action; otherwise, HHA is without knowledge or information sufficient to respond to the remainder of the allegations contained in this paragraph and therefore denies same and demands strict proof thereof.

9. Denied and demands strict proof thereof.

## GENERAL ALLEGATIONS OF FACT

10. Denied and demands strict proof thereof.

11. Denied and demands strict proof thereof.

12. Admitted.

13. HHA is without knowledge or information sufficient to respond to the allegations contained in this paragraph and therefore denies same and demands strict proof thereof.

14. HHA is without knowledge or information sufficient to respond to the allegations contained in this paragraph and therefore denies same and demands strict proof thereof.

15. Admitted.

16. Denied and demands strict proof thereof.

17. Denied as phrased and demands strict proof thereof.

18. Denied as phrased and demands strict proof thereof.

19. Denied and demands strict proof thereof.

20. Denied and demands strict proof thereof.

21. Denied and demands strict proof thereof.

22. HHA is without knowledge or information sufficient to respond to the allegations contained in this paragraph and therefore denies same and demands strict proof thereof.

23. Denied as phrased and demands strict proof thereof.

24. Denied as phrased and demands strict proof thereof.

25. Denied as phrased and demands strict proof thereof.

26. Denied as phrased and demands strict proof thereof.

27. Admitted.

28. Denied as phrased and demands strict proof thereof.

29. Denied and demands strict proof thereof.

30. Admitted that Plaintiff's arrest affidavit responds in the negative as to whether there was an indication of alcohol influence or drug influence. All other allegations and adverse inferences are denied and strict proof is demanded thereof.

31. Denied and demands strict proof thereof.

32. Denied as phrased and demands strict proof thereof.

33. Denied and demands strict proof thereof.

34. Denied as phrased and demands strict proof thereof.

35. Denied as phrased and demands strict proof thereof.

36. Denied as phrased and demands strict proof thereof.

37. Denied and demands strict proof thereof.

38. Denied and demands strict proof thereof.

39. Denied and demands strict proof thereof.

40. Denied and demands strict proof thereof.

41. Denied as phrased and demands strict proof thereof.

42. HHA is without knowledge or information sufficient to respond to the allegations contained in this paragraph and therefore denies same and demands strict proof thereof.

43. HHA is without knowledge or information sufficient to respond to the allegations contained in this paragraph and therefore denies same and demands strict proof thereof.

44. Denied and demands strict proof thereof.

45. Denied and demands strict proof thereof.

46. Denied and demands strict proof thereof.

47. HHA is without knowledge or information sufficient to respond to the allegations contained in this paragraph and therefore denies same and demands strict proof thereof.

48. Denied and demands strict proof thereof.

49. Denied as phrased and demands strict proof thereof.

50. Denied and demands strict proof thereof.

51. Denied and demands strict proof thereof.

52. Denied and demands strict proof thereof.

53. HHA is without knowledge or information sufficient to respond to the allegations contained in this paragraph and therefore denies same and demands strict proof thereof.

54. Admitted that the disposition of Plaintiff's disorderly conduct case was "*nolle prose*". Otherwise, all allegations and adverse inferences are denied and strict proof is demanded thereof.

55. Denied and demands strict proof thereof.

56. Admitted that false allegations have previously been made against Gutierrez. However, denied

that such allegations have ever been proven to have any validity whatsoever. All other allegations and adverse inferences contained in this paragraph are denied and strict proof is demanded thereof.

57. Denied and demands strict proof thereof.

58. Denied and demands strict proof thereof.

59. Admitted that "Threatened Abusive Behavior towards PHA personnel" was one portion of the stated basis for denial.

60. Denied as phrased and demands strict proof thereof.

61. HHA is without knowledge or information sufficient to respond to the allegations contained in this paragraph and therefore denies same and demands strict proof thereof.

62. HHA is without knowledge or information sufficient to respond to the allegations contained in this paragraph and therefore denies same and demands strict proof thereof.

63. HHA is without knowledge or information sufficient to respond to the allegations contained in this paragraph and therefore denies same and demands strict proof thereof.

64. HHA is without knowledge or information sufficient to respond to the allegations contained in this paragraph and therefore denies same and demands strict proof thereof.

65. Denied and demands strict proof thereof.

66. Denied and demands strict proof thereof.

67. Denied as phrased and demands strict proof thereof.

68. Denied as phrased and demands strict proof thereof.

69. Denied and demands strict proof thereof.

70. Denied and demands strict proof thereof.

71. Denied and demands strict proof thereof.

72. Denied and demands strict proof thereof.

73. Admitted that Plaintiff furnished a pre-suit notice letter to HHA which he purported was sent pursuant to Fla. Stat. 768.28 prior to filing this action.

74. HHA is without knowledge or information sufficient to respond to the allegations contained in this paragraph and therefore denies same and demands strict proof thereof.

## COUNT I
### False Arrest and/or Imprisonment - 42 U.S.C. § 1983 Claim
**(Against Defendant HHA)**

75. HHA hereby incorporates its responses to paragraphs 1 through 74 above as if specifically set forth herein.

76. Admitted to the extent that Plaintiff purports to assert a general conclusion of law; otherwise, all allegations and adverse inferences are denied, and strict proof is demanded thereof.

77. Denied as phrased and demands strict proof thereof.

78. Denied as phrased and demands strict proof thereof.

79. Denied and demands strict proof thereof.

80. Denied and demands strict proof thereof.

81. Denied as phrased and demands strict proof thereof.

82. Denied and demands strict proof thereof.

    WHEREFORE clause is denied in its entirety.

## COUNT II
### False Arrest and/or Imprisonment – State Tort Claim
**(Against Defendant Officer Gutierrez)**

83. through 87 are not asserted against HHA; therefore, HHA is not required to provide responses. To the extent any response is necessary, HHA denies any and all allegations and adverse inferences in Count II, including the WHEREFORE clause, and demands strict proof thereof.

## COUNT III
## Excessive Use of Force
### (Against Defendants HHA and Officer Gutierrez)

88. HHA hereby incorporates its responses to paragraphs 1 through 74 above as if specifically set forth herein.

89. Admitted that Plaintiff purports to bring this cause of action against Defendants for excessive force under color of law pursuant to the Fourth Amendment to the United States Constitution. However, HHA denies any and all liability, that Plaintiff's claims have any merit, or that Plaintiff is entitled to any relief whatsoever in this matter.

90. Denied and demands strict proof thereof.

91. Denied and demands strict proof thereof.

WHEREFORE clause is denied in its entirety.

## COUNT IV
## 42 U.S.C. § 1983 First and Fourteenth Amendment Violation for Retaliation
### (Against Defendant Officer Gutierrez)

92. through 95 are not asserted against HHA; therefore, HHA is not required to provide responses. However, to the extent any response is necessary, HHA denies any and all allegations and adverse inferences in Count IV, including the WHEREFORE clause, and demands strict proof thereof.

## COUNT V
## 42 U.S.C. § 1983 First and Fourteenth Amendment Violation for Retaliation
### (Against Defendant HHA)

96. HHA hereby incorporates its responses to paragraphs 1 through 74 above as if specifically set forth herein.

97. Denied and demands strict proof thereof.

98. Denied and demands strict proof thereof.

99. Denied and demands strict proof thereof.

    WHEREFORE clause is denied in its entirety.

## COUNT VI
## Violation of 42 U.S.C. § 1983
### (Against Defendant HHA)

100. HHA hereby incorporates its responses to paragraphs 1 through 74 above, as if specifically set forth herein.

101. Denied and demands strict proof thereof.

102. Admitted that Plaintiff purports to state a legal conclusion; otherwise, all allegations and adverse inferences are denied, and strict proof is demanded thereof.

103. Denied and demands strict proof thereof.

104. Denied and demands strict proof thereof.

105. Denied and demands strict proof thereof.

106. Denied and demands strict proof thereof.

    WHEREFORE clause is denied in its entirety.

## COUNT VII
## Retaliation under Federal Fair Housing Act
### (Against Defendant HHA)

107. HHA hereby incorporates its responses to paragraphs 1 through 74 above, as if specifically set forth herein.

108. Admitted to the extent that Plaintiff purports to summarize portions of state and federal statutes; otherwise, all allegations and adverse inferences are denied, and strict proof is demanded thereof.

109. Admitted that Plaintiff purports to state a legal conclusion; otherwise, all allegations and adverse inferences are denied and strict proof is demanded thereof.

110. Denied and demands strict proof thereof.

111. Denied and demands strict proof thereof.

112. Denied and demands strict proof thereof.

WHEREFORE clause is denied in its entirety.

## TRIAL BY JURY

113. Admitted that Plaintiff purports to demand a trial by jury for all issues so triable by right.

## EXPRESS AND GENERAL DENIAL

Any and all of Plaintiff's allegations not specifically admitted herein are expressly denied and strict proof is demanded thereof.

## GENERAL DEFENSES

1. Plaintiff fails to state a claim against HHA upon which relief can be granted.

2. To the extent that Plaintiff's Second Amended Complaint contains allegations against HHA that constitute false and frivolous allegations made in a filing with the Court, Plaintiff's claims are sanctionable and should be dismissed with prejudice accordingly.

## AFFIRMATIVE DEFENSES

In further response to Plaintiff's Second Amended Complaint, HHA raises the following Affirmative Defenses:

**First Affirmative Defense:** There is no causal link between any actions taken by HHA and any constitutional deprivation and/or allegation of damages which Plaintiff claims to have suffered.

**Second Affirmative Defense:** Any damages claimed by Plaintiff were caused by the supervening, intentional or criminal acts of Plaintiff, thereby breaking the chain of causation as to any act or omission of HHA, and barring or estopping any and all claims the Plaintiff has against HHA.

**Third Affirmative Defense:** To the extent Plaintiff has received benefits from collateral sources

or other setoffs or recoupment, Plaintiff's claims should be dismissed or diminished accordingly.

**Fourth Affirmative Defense:** Any injuries or damages sustained by Plaintiff were a result of Plaintiff's own actions. Therefore, Plaintiff's claims should be dismissed and/or any damages awarded should be reduced by Plaintiff's respective percentage of fault.

**Fifth Affirmative Defense:** To the extent any disability or injuries alleged by Plaintiff are the result of intoxication, Plaintiff's own behavior, pre-existing conditions, an intervening cause and/or subsequent injury or injuries, and were not caused or aggravated by any of the alleged acts of HHA, recovery for such disability or injuries is barred.

**Sixth Affirmative Defense:** Plaintiff has failed to state a cause of action for interference, coercion and/or intimidation under the Federal Fair Housing Act.

**Seventh Affirmative Defense:** Plaintiff has failed to exhaust his pre-litigation administrative remedies.

**Eighth Affirmative Defense:** Any and all actions taken against Plaintiff were taken for grounds other than any protected activity and despite any protected activity engaged by Plaintiff.

**Ninth Affirmative Defense:** HHA affirmatively asserts that some or all of Plaintiff's claims in this action are frivolous and without basis in law or fact, and that therefore HHA is entitled to an award of attorney's fees in its favor, pursuant to Rule 11 of the Federal Rules of Civil Procedure and/or 42 U.S.C. § 1988.

**Tenth Affirmative Defense:** HHA is permitted by law to make any decision it deems appropriate with regard to provision of housing within the confines of its Administration Plan, HUD Requirements, CFR, applicable state laws, and applicable implementing regulations, and all actions of the HHA as they relate to the denial of Plaintiff's housing application were made within such confines, and not based upon any discriminatory animus.

**Eleventh Affirmative Defense:** Plaintiff's claims are barred because it was his own misconduct, including knowingly violating the rules and regulations of the HHA, which led to a lawful decision to terminate Plaintiff's Section 8 housing application, if any.

**Twelfth Affirmative Defense:** Any and all decisions by HHA with respect to Plaintiff's housing application were supported by an extreme public interest justification in the safety and protection of HHA's residents and were not more restrictive than necessary to meet said justification. HHA asserts that it is under no duty to provide Plaintiff with housing where Plaintiff posed a threat to HHA tenants, HHA employees, and others.

**Thirteenth Affirmative Defense:** At all times material hereto, HHA had legitimate, non-discriminatory and non-retaliatory reasons for their actions with respect to Plaintiff, including the HHA's interest in enforcing its regulations related to safety of its tenants and personnel.

**Fourteenth Affirmative Defense:** Plaintiff's claims fail because HHA had bona fide, legitimate, and non-discriminatory justifications to deny Plaintiff's housing application, including threatening and abusive behavior toward HHA personnel.

**Fifteenth Affirmative Defense:** Plaintiff's claims fail because HHA had bona fide, legitimate, and non-discriminatory justifications to deny Plaintiff's housing application, including numerous fraudulent and false misrepresentations made by Plaintiff to HHA via his housing application and supporting documents. Any adverse impact Plaintiff may have experienced resulted from Plaintiff's violation of applicable rules and laws.

**Sixteenth Affirmative Defense:** Plaintiff's claims fail because HHA did not deny Plaintiff's housing application following the informal review and reversal of the initial denial.

**Seventeenth Affirmative Defense:** To the extent that Plaintiff committed perjury and made false and fraudulent misrepresentations in his application and supporting documents submitted to the HHA, Plaintiff has unclean hands and any recovery for damages should be barred.

**Eighteenth Affirmative Defense:** Plaintiff's claims fail because HHA had bona fide, legitimate, and non-discriminatory justifications to deny Plaintiff's housing application, including the fact that Plaintiff's financial condition disqualifies him from eligibility to receive HHA benefits.

**Nineteenth Affirmative Defense:** Plaintiff's § 1983 claim must be dismissed because the conduct of HHA did not amount to a deprivation of Plaintiff's Constitutional rights.

**Twentieth Affirmative Defense:** Defendants allege that Plaintiff has failed to mitigate its damages.

**Twenty-First Affirmative Defense:** Plaintiff's claims must fail because Plaintiff is not a qualified individual with a disability or handicap under the Fair Housing Act.

**Twenty-Second Affirmative Defense:** Plaintiff's claims fail because there was no nexus between HHA's decision to deny Plaintiff's housing application and an alleged disability suffered by Plaintiff, or exercise of rights taken by Plaintiff.

**Twenty-Third Affirmative Defense:** Plaintiff has failed to and cannot establish a prima facie case of retaliation.

**Twenty-Fourth Affirmative Defense:** There is no causal link between any actions taken by Defendants and any deprivation and/or allegation of damages which Plaintiff claims to have suffered.

**Twenty-Fifth Affirmative Defense:** In order to preserve its affirmative defenses and pending completion of discovery, HHA that Plaintiff's claims are barred, in whole or in part, by operation of the doctrines of waiver, unclean hands, laches, equitable estoppel, statute of limitations, and/or

mistake.

## RESERVATION OF RIGHTS

HHA reserves its right to amend and supplement these affirmative defenses, adding such affirmative defenses as may appear to be appropriate upon further discovery being conducted in this case.

**WHEREFORE**, Defendant, HIALEAH HOUSING AUTHORITY, denies all allegations made against it not specifically admitted herein, requests entry of judgment in its favor, and requests that it be awarded all costs and attorneys' fees incurred in the defense of this matter, as may be allowed by law.

Dated this 29th day of April, 2019.

Respectfully submitted,

s/Robert L. Switkes
Robert L. Switkes, Esq.
Florida Bar No.: 241059
rswitkes@switkeslaw.com
s/Bradley F. Zappala
Bradley F. Zappala, Esq.
Florida Bar No.: 111829
bzappala@switkeslaw.com
s/Maryjeanne Marrero
Maryjeanne Marrero
Florida Bar No.: 1011715
mmarrero@switkeslaw.com
**SWITKES & ZAPPALA, P.A.**
407 Lincoln Road, Penthouse SE
Miami, Beach, Florida 33139
Telephone: (305) 534-4757
Facsimile: (305) 538-5504
*Attorneys for Defendant, Hialeah Housing Authority*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 29th day of April, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Noticed of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/Bradley F. Zappala<br>
Bradley F. Zappala, Esq.

**<u>SERVICE LIST</u>**
*Hilliard v. City of Hialeah, et al.*
**United States District Court, Southern District of Florida**
**Case No: 18-cv-24594- CIV-ALTONAGA/Goodman**

**April S. Goodwin, Esq.**
The Goodwin Firm
801 West Bay Dr.
Suite 705
Largo, FL 33770
Email: april@goodwin-firm.com
*Attorney for Plaintiff, Elgin Hilliard Sr.*